UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WENDELL RAY SMIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-1362 |
| ) | |
| JEFF STANDARD, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Fulton County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment Due Process claims. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is currently incarcerated at Fulton County Jail ("jail"). Defendants Standard and LaFary are the Sheriff and Lieutenant Jail Administrator, respectively. All allegations occurred between August 4, 2015 and August 11, 2015.

Plaintiff alleges he was deprived of his Fourteenth Amendment rights to due process after jail officials charged him ten (10) dollars apiece for two towels Plaintiff allegedly damaged. Plaintiff alleges that he was denied the opportunity to contest these charges in front of the

Adjustment Committee.  Plaintiff alleges that Defendant LaFary accused him (Plaintiff) of being "untruthful in all matters" in a response to a grievance.  This accusation, Plaintiff alleges, has caused great mental anguish.

Plaintiff alleges that he has been sent to the "hole" for disciplinary reasons for an indefinite period of time without receiving his "one hour out of the hole" (presumably, this means daily yard or exercise time) and that he has been denied visitation rights.  Plaintiff also alleges he does not receive as much food (calories) as he should, and has been denied the opportunity to purchase items from the commissary.  As a result, Plaintiff alleges he feels hungry every day.

## ANALYSIS

Plaintiff does not state a claim for the alleged unauthorized charges related to the towels.  The "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.  *See* 705 ILL. COMP. STAT. § 505/8 *et. seq.*; *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993).  Therefore, Plaintiff must pursue those claims in state court.

It is unclear whether Plaintiff's other claims are related to the towel claims or a separate matter.  Either way, Plaintiff has not yet provided the Court with sufficient information to determine whether his constitutional rights have potentially been violated.  The Court assumes that Plaintiff has been housed in some form of segregation, but Plaintiff provides little detail as to what that confinement entails.  Lawful incarceration necessarily retracts many of the

privileges and rights ordinarily enjoyed by free citizens, and "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Thus, only those conditions of confinement that impose an "atypical, significant deprivation" in relation to ordinary prison life create a liberty interest protected by the due process clause of the Fourteenth Amendment. *Id.* at 486; *Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002) (A person already confined, however, may not create a federal claim "by citing small, incremental deprivations of physical freedom."); *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause.").

Therefore, Plaintiff is given leave to file an amended complaint on these issues. If Plaintiff chooses to do so, he should include information regarding the conditions he is subjected to in segregation, whether he was provided a disciplinary hearing, and any punishment imposed. Furthermore, Plaintiff should also provide more detail regarding the food that is served at the jail.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 28 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

Entered this 17th day of November, 2015.

*s/Joe B. McDade*
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE